```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Donald Taylor,

                        Petitioner,        CV-07-2138(CPS)

     - against -                           MEMORANDUM OPINION
                                           AND ORDER
Andrew Cuomo, New York State
Attorney General,

                        Respondent.

-------------------------------------X
```

SIFTON, Senior Judge.

Petitioner Donald Taylor brings this habeas petition pursuant to 28 U.S.C. § 2254. Petitioner asserts that N.Y. Penal Law[1] § 265.02(1)[2], Criminal Possession of a Weapon in the Third

---

[1] Petitioner uses the abbreviation for New York's Criminal Procedure Law in his brief. The Criminal Procedure Law does not have a § 265.02 and petitioner is clearly challenging N.Y. Penal Law § 265.02(1). I thus will proceed accordingly.

[2] N.Y. Penal Law § 265.02(1) (2002) provides:

A person is guilty of criminal possession of a weapon in the third degree when:

(1) He commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime;. . .

N.Y. Penal Law § 265.01 provides, in relevant part:

A person is guilty of criminal possession of a weapon in the fourth degree when:

(1) He possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or "Kung Fu star"; or

(2) He possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another; or

Degree, to which petitioner pleaded guilty, is unconstitutionally broad to the extent that it renders the statute vague and ambiguous and violates his Second Amendment right to bear arms. For the reasons set forth below, petitioner's application is dismissed.

**Background**

On August 30, 2002, at approximately 7:00 a.m., pursuant to the execution of a search warrant, the police recovered in petitioner's bedroom a 12 gauge shotgun, a .35 caliber rifle, a .22 caliber rifle, a sawed-off shotgun, and a .38 caliber revolver.

Thereafter, petitioner was charged, by indictment, filed on March 17, 2003, with two counts of Criminal Possession of a Weapon in the Third Degree, N.Y. Penal Law § 265.02(1), two counts of Criminal Possession of a Weapon in the Fourth Degree, N.Y. Penal Law § 265.01(1), and two counts of Administrative Code Violation of Unlawful Possession of a Rifle Without a Permit, N.Y.C.C.R. Admin. Code § 10-303.

---

(3) He or she knowingly has in his or her possession a rifle, shotgun or firearm in or upon a building or grounds, used for educational purposes, of any school, college or university, except the forestry lands, wherever located, owned and maintained by the State University of New York college of environmental science and forestry, or upon a school bus as defined in section one hundred forty-two of the vehicle and traffic law, without the written authorization of such educational institution; or . . .

(5) He possesses any dangerous or deadly weapon and is not a citizen of the United States[.]

On March 23, 2004, petitioner entered a plea of guilty to violating one count of § 265.02(1). Petitioner, in response to the trial court's query, stated he had sufficient time to discuss his plea with his attorney and that he was satisfied with his attorney's representation. (Petitioner's Rep. Br. Ex. E at 16) ("Plea Minutes"). The court advised petitioner he was giving up his right to a trial by jury. Plea Minutes at 16-17. Petitioner stated that besides the promise of a five-year period of probation, no one made any other promises or threats to force him to plead guilty. Plea Minutes at 17. Petitioner further waived his right to appeal from his conviction on non-jurisdictional matters, following explanation of the waiver by the court and discussion with his attorney. Plea Minutes at 18-20. Petitioner then allocuted to possessing a .38 caliber handgun on August 30, 2002. Plea Minutes at 20. On May 14, 2004, judgment was entered sentencing petitioner to a five-year term of probation.

Petitioner did not take an appeal. On April 25, 2006, petitioner, represented by the same counsel who represented him during his plea, sought collateral review of his conviction in the Supreme Court of New York, Kings County, applying to vacate his conviction pursuant to N.Y. Crim. Proc. Law § 440.10(1)(h) ("§ 440 motion").[3] The New York Supreme Court denied this motion

---

[3] N.Y. Crim. Proc. Law § 440.10 provides, in relevant part:

1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the

on May 19, 2006, and, on September 8, 2006, the Appellate Division denied petitioner's application seeking leave to appeal. Petitioner filed his habeas petition in this Court on March 19, 2007.

## Discussion

Respondent argues that petitioner's application is barred by the 1996 Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitations period. Petitioner asserts that his § 2254 petition is timely, as the limitations period began to run only after leave to appeal the trial court's decision on his § 440 motion was denied on September 8, 2006. In the alternative, petitioner asserts AEDPA's limitations period is not applicable because he is actually innocent.

*Timeliness*

Under AEDPA, a one-year period of limitations applies to an application of a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the provisions relevant to this case, the limitations period runs either from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, 28 U.S.C. § 2244(d)(1)(A), as respondent argues, or from the date on which the factual

---

ground that: . . .

(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.

predicate of the claim or claims presented could have been discovered through the exercise of due diligence, 28 U.S.C. § 2244(d)(1)(D), as petitioner argues. This one-year period is tolled while any properly filed application for state post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d)(2).

Petitioner asserts that § 2244(d)(1)(D) is applicable. Petitioner then argues that the factual predicate for his claim did not exist until the Appellate Division, on September 8, 2006, denied leave to appeal the trial court's decision on petitioner's § 440 motion. In his § 440 motion, petitioner raised the same claims as he does here - that § 265.02(1) is unconstitutional because the statute is overbroad, and thus vague and ambiguous, and violates his Second Amendment right to bear arms. Petitioner has alleged no newly discovered facts which form the predicate of his claims and which, by their absence, would have precluded him from bringing these claims in a § 2254 petition prior to March 19, 2007.

Petitioner cites *Johnson v. U.S.*, 544 U.S. 295 (2005) and *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2003) in support of his contention that the denial of leave to appeal constitutes a factual predicate under § 2244(d)(1)(D). These cases are inapposite. In *Johnson*, the Supreme Court determined that vacatur was a 'fact', commencing AEDPA's one-year limitations

period, where the vacatur concerned a state court conviction that had been used to enhance petitioner's federal sentence, and petitioner sought review of his federal sentence. Thus, the petitioner in *Johnson* was unable to assert his claim concerning his sentence until his prior conviction had been vacated. Similarly, in *Easterwood*, petitioner happened upon a case in his prison library which detailed how the sole expert who had testified for the prosecution at Easterwood's trial was suffering from severe bipolar disorder which may have impaired his diagnostic judgment at the time he testified against Easterwood. Thus, the 10th Circuit determined the discovery of the unrelated case by Easterwood began his one-year limitations period anew. Petitioner, by contrast, asserts that rejection of his legal theories by the New York courts, which were available to him when his sentence became final, is the factual predicate for his claim. The Appellate Division's denial of leave to appeal does not form any basis of petitioner's claim, other than as a part of his argument that § 2241(d)(1)(D) is applicable in determinating the limitations period. It therefore does not constitute a factual predicate under § 2241(d)(1)(D).

Moreover, even if the denial of leave to appeal were a factual predicate under § 2244(d)(1)(D), by waiting nearly two years to seek collateral review in state court, pursuant to § 440.10(1)(h), petitioner cannot be said to have acted with due

diligence, as § 2244(d)(1)(D) requires. *See Johnson*, 544 U.S. at 311 (2005) (petitioner, who waited over twenty-one months after judgment in federal criminal case was final to seek vacatur of state conviction which formed basis for enhanced federal sentence, failed to act with due diligence).

Section 2244(d)(1)(A) is therefore applicable. Petitioner's judgment became final on May 14, 2004. Under New York procedure, petitioner had thirty days from the imposition of sentence in which to file notice of appeal. N.Y. Crim. Proc. Law § 460.10(1)(a). Petitioner did not file a timely notice of appeal, and thus petitioner's judgment of conviction became final on June 13, 2004. *See Daum v. Donnelly*, No. 01-CV-2898, 2001 WL 1078338, at *1 (E.D.N.Y. Aug. 31, 2001) (where defendant does not file a timely notice of appeal, the habeas statute of limitations begins to run thirty days after the imposition of sentence). Petitioner did not make any application during the following year that would have tolled the limitations period and had all necessary facts required to bring the claims he asserts in his present § 2254 petition. Petitioner thus had until June 13, 2005 to file his § 2254 petition. He did not file his petition until March 19, 2007. The petition is therefore untimely.[4]

---

[4] Nor did petitioner's filing of his § 440 motion reset the statute of limitations. *See Smith v. Mcginnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run. Not only is this interpretation uniformly followed in other circuits, but it also

*Actual Innocence*

In the alternative, petitioner argues that he is actually innocent of the crime, and thus AEDPA's statute of limitations does not apply to him. The Second Circuit has not yet ruled on whether "the Constitution requires an 'actual innocence' exception to [the] AEDPA's statute of limitations." *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (quoting *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir.), *cert. denied*, 531 U.S. 873 (2000)); *Doe v. Menefee*, 391 F.3d 147, 160 (2d Cir. 2004). However, before dismissing a habeas petition that claims actual innocence, a district court must "decide as a matter of fact whether [petitioner] has presented a credible claim of actual innocence." *Whitley*, 317 F.3d at 225.[5]

In order to determine whether a petitioner has presented a credible claim of actual innocence, a district court should look to the factors in *Schlup v. Delo*, 513 U.S. 298 (1995). *Doe*, 391

---

comports with the goal of the AEDPA to prevent undue delays in federal habeas review. If the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court."), *cert. denied*, 531 U.S. 840 (2000).

[5] The Second Circuit also held that a district court should answer three additional questions: (1) did petitioner pursue his actual innocence claim with reasonable diligence; (2) if not, must an actual innocence claim be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an 'actual innocence' exception to the AEDPA statute of limitations; and (3) if petitioner does make a credible claim of actual innocence, does the United States Constitution require an 'actual innocence' exception to the AEDPA statute of limitations on federal habeas petitions. *Whitley*, 317 F.3d at 225-26. Because I determine that petitioner does not make a credible claim of actual innocence, I do not address these other questions.

F.3d at 161. Under *Schlup*, a petitioner must present "new reliable evidence" which makes it "more likely than not that no reasonable juror[6] would have found petitioner guilty beyond a reasonable doubt." *Doe*, 391 F.3d at 161-62 (citing *Schlup*, 513 U.S. at 324, 327) (internal quotation marks omitted). Petitioner's claim of actual innocence in this case is not based on any allegations of new evidence that he did not engage in conduct that led to the charge to which he pleaded guilty. Indeed, in his plea allocution, petitioner admitted to possessing the .38 caliber firearm in question.

Instead, petitioner argues that he is innocent because § 265.02(5) excludes as criminal the conduct that § 265.02(1) includes. The versions of § 265.02(1) and (5) in effect at the time petitioner was charged provided:

> A person is guilty of criminal possession of a weapon in the third degree when:
> (1) He commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime; or . . .
> (5) (i) Such person possesses twenty or more firearms; or (ii) such person possesses a firearm and has been previously convicted of a felony or a class A misdemeanor defined in this chapter within the five years immediately preceding the commission of the offense and such possession did not take place in the person's home or place of business;

That § 265.02(1) facially encompasses § 265.02(5) does not render

---

[6] While disposition of the charges in this case occurred as a result of a guilty plea rather than trial, this standard is applicable. *Doe*, 391 F.3d at 163.

non-criminal those acts that fall within § 265.02(1) and do not fall within §265.02(5). Section 265.02(5) is classified as a "violent felony offense" pursuant to N.Y. Penal Law § 70.02(1)(c) and therefore is subject to more restrictive plea bargaining rules and sentence mandates than § 265.02(1). *See People v. Garcia*, 126 Misc. 2d 579, 581 (N.Y.Sup.Ct. 1984). The legislature therefore carved out a portion of what is criminal under § 265.02(1) to be subject to stiffer penalties. That certain acts are not subject to § 265.02(5) and its more restrictive sentencing and plea bargaining requirements does not mean that they cannot be otherwise interdicted. Thus, petitioner has not made a credible claim of actual innocence and his claim is time barred.[7]

*Constitutionality*

Moreover, even if petitioner's claim were timely,[8] § 265.02(1) is constitutional. Petitioner asserts that § 265.02(1)

---

[7] Insofar as petitioner's claim asserts he is innocent because § 265.02(1) is unconstitutional as applied to him, I have two points. First, the constitutionality of a statute does not bear on petitioner's actual innocence. *Shepherd v. Keane*, 1998 WL 178845, at *4 (E.D.N.Y. February 18, 1998) (claim that New York's felony murder statute is unconstitutional has no bearing on petitioner's actual innocence). Second, as discussed below, the statute is not unconstitutional.

[8] I note that petitioner's claim is likely foreclosed on an adequate and independent state ground because petitioner waived his right to appeal all but non-jurisdictional matters as part of his plea agreement and this was the basis for the trial court's denial of petitioner's § 440 motion. *See Vasquez v. Filion*, 210 F. Supp.2d 194, 199 (E.D.N.Y. 2002) (petitioner's *Miranda* and double jeopardy claims precluded by petitioner's waiver of appeal as part of guilty plea). There are no allegations that, in this case, petitioner's decision to plead guilty was not knowing, voluntary, and made with the assistance of counsel.

is unconstitutional, as applied, because it criminalizes conduct that § 265.02(5) excludes as criminal. Thus, petitioner argues, § 265.02(1)'s overbreadth, which creates an apparent contradiction with § 265.02(5), thereby renders § 265.02(1) unconstitutionally vague and ambiguous and also infringes upon petitioner's Second Amendment right to bear arms.

Section 265.02(1) is not overbroad. *People v. Vernon*, 83 Misc. 2d 1025, 1028 (N.Y.Sup.Ct. 1975) ("The classification to which [§ 265.02(1)] is aimed, namely, all those convicted of a crime, is not overly broad and bears a rational relationship to a legitimate State interest").

Nor is § 265.02(1) vague and ambiguous. "Vagueness challenges that do not involve the First Amendment must be examined in light of the specific facts of the case at hand and not with regard to the statute's facial validity." *U.S. v. Nadi*, 996 F.2d 548, 550 (2d Cir. 1993) (citations omitted), *cert. denied*, 510 U.S. 933 (1993). "When the challenge is vagueness 'as-applied', there is a two-part test: a court must first determine whether the statute give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provide[s] explicit standards for those who apply [it]." *Id.* (internal quotation marks and citations omitted). Moreover, "[b]ecause the statute is judged on an as applied basis, one whose conduct is clearly proscribed

by the statute cannot successfully challenge it for vagueness."
*Id.*

A plain reading of § 265.02(1) makes it "reasonably clear . . . that the [petitioner's] conduct [is] criminal." *U.S. v. Lanier*, 520 U.S. 259, 267 (1997). Section § 265.02(1) provides no time limit or sentencing limit on the prior conviction. Thus, a person of reasonable intelligence would know possessing a weapon having been previously convicted of any crime[9] would subject him to criminal liability under § 265.02(1). That petitioner's prior criminal conviction occurred nearly seventeen years before the instant charge arose does not bear on whether or not § 265.02(1) is unconstitutionally vague. Thus, petitioner's claim that § 265.02(1) is unconstitutionally vague due to its supposed interplay with § 265.02(5) is without merit.

Similarly, petitioner's claim that § 265.02(1) violates his Second Amendment right to bear arms is without merit. The Second Circuit recently held "that the Second Amendment's 'right to keep and bear arms' imposes a limitation on only federal, not state, legislative efforts." *Bach v. Pataki*, 408 F.3d 75, 84 (2d Cir. 2005). Petitioner acknowledges as much in his brief. Petitioner's Rep. Br. at 4, n. 3.

---

[9] In *People v. Cornish*, 104 Misc. 2d 72, 75 (N.Y.Sup.Ct. 1980), the court held that the term "any crime" in § 265.02(1) was not unconstitutionally vague.

## Conclusion

For the reasons set forth above, petitioner's application is dismissed. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated : Brooklyn, New York
November 13, 2007

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge