```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Donald Taylor,

                        Petitioner,         CV-07-2138(CPS)

     - against -                             MEMORANDUM OPINION
                                             AND ORDER
Andrew Cuomo, New York State
Attorney General,

                        Respondent.

-------------------------------------X
```

SIFTON, Senior Judge.

Petitioner Donald Taylor brings this motion for reconsideration or, in the alternative, a stay of this Court's November 13, 2007 Memorandum Opinion & Order ("Mem. Op.") denying his habeas petition. In his habeas petition, Petitioner, who had previously been convicted of a misdemeanor, asserted that N.Y. Penal Law § 265.02(1)[1], Criminal Possession of a Weapon in the

---

[1] N.Y. Penal Law § 265.02(1) (2002) provides:

A person is guilty of criminal possession of a weapon in the third degree when:

(1) He commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime;. . .

N.Y. Penal Law § 265.01 provides, in relevant part:

A person is guilty of criminal possession of a weapon in the fourth degree when:

(1) He possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or "Kung Fu star"; or

(2) He possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to

Third Degree, to which petitioner pleaded guilty, was unconstitutionally broad to the extent that it rendered the statute vague and ambiguous and violated his Second Amendment right to bear arms. I denied petitioner's application on November 13, 2007. On November 21, 2007, petitioner timely moved for reconsideration pursuant to Local Rule 6.3 or for a stay of the Court's November 13, 2007 decision. For the reasons set forth below, petitioner's motion for reconsideration or for a stay is denied.

**Background**

On August 30, 2002, at approximately 7:00 a.m., pursuant to the execution of a search warrant, the police recovered in petitioner's bedroom a 12 gauge shotgun, a .35 caliber rifle, a .22 caliber rifle, a sawed-off shotgun, and a .38 caliber revolver.

Thereafter, petitioner was charged, by indictment filed on March 17, 2003, with two counts of Criminal Possession of a Weapon in the Third Degree, N.Y. Penal Law § 265.02(1), two

---

use the same unlawfully against another; or

(3) He or she knowingly has in his or her possession a rifle, shotgun or firearm in or upon a building or grounds, used for educational purposes, of any school, college or university, except the forestry lands, wherever located, owned and maintained by the State University of New York college of environmental science and forestry, or upon a school bus as defined in section one hundred forty-two of the vehicle and traffic law, without the written authorization of such educational institution; or . . .

(5) He possesses any dangerous or deadly weapon and is not a citizen of the United States[.]

counts of Criminal Possession of a Weapon in the Fourth Degree, N.Y. Penal Law § 265.01(1), and two counts of Unlawful Possession of a Rifle Without a Permit, in violation of N.Y.C.C.R. Admin. Code § 10-303.

On March 23, 2004, petitioner pleaded guilty to violating one count of N.Y. Penal Law § 265.02(1). Petitioner allocuted to possessing a .38 caliber handgun on August 30, 2002. On May 14, 2004, judgment was entered sentencing petitioner to a five-year term of probation.

Petitioner did not appeal. On April 25, 2006, petitioner, represented by the same counsel who represented him during his plea, sought collateral review of his conviction in the Supreme Court of New York, Kings County, pursuant to N.Y. Crim. Proc. Law § 440.10(1)(h) ("§ 440 motion").[2] The New York Supreme Court denied this motion on May 19, 2006, and, on September 8, 2006, the Appellate Division denied petitioner's application seeking leave to appeal. Petitioner filed his habeas petition in this Court on March 19, 2007. I denied his petition by written decision on November 13, 2007.

---

[2] N.Y. Crim. Proc. Law § 440.10 provides, in relevant part:

1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that: . . .

(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.

**Discussion**

Standard for Motion for Reconsideration

A motion for reconsideration pursuant to either Rule 59(e) of the Federal Rules of Civil Procedure or Local Rule 6.3 will be granted if the moving party presents factual matters or controlling decisions the court overlooked that might have materially influenced its decision.[3]  *Pereira v. Aetna Casualty and Surety Co. (In re Payroll Express Corp.)*, 921 F.Supp. 1121, 1123 (S.D.N.Y. 1996); *Violette v. Armonk Assocs., L.P.*, 823 F.Supp. 224, 226 (S.D.N.Y. 1993).  Reconsideration is also appropriate if there is an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice.  *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); *Casino, LLC v. M/V Royal Empress*, No. 98-CV-2333, 1998 WL 566772, at *1 (E.D.N.Y. Aug. 21, 1998).

Local Rule 6.3 is to be narrowly construed and strictly

---

[3] Essentially the same standard is used to determine Rule 59(e) motions as motions under the Local Rule.  Rule 59(e) "does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment," *Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004), and "district courts may alter or amend a judgment to correct a clear error of law or prevent manifest injustice." *Id.* (internal citations and quotations omitted); *see also Wood v. F.B.I.*, 432 F.3d 78, 85 n.4 (2d Cir. 2005) (affirming denial of Rule 59(e) motion where "district court did not commit error or a manifest injustice").  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

applied so as to avoid repetitive arguments on issues that have been fully considered. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y. 1985). In deciding a Local Rule 6.3 motion, the court will not allow a party to use the motion as a substitute for an appeal from a final judgment. *See Morser v. AT&T Information Systems*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y. 1986). Accordingly, a party in its motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86-CV-6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989).

<u>Petitioner's Motion for Reconsideration</u>

In his letter brief in support of his motion for reconsideration, petitioner argues that I should consider whether § 265.02(1) unconstitutionally infringes upon his Second Amendment right to bear arms in light of the District of Columbia Circuit's opinion in *Parker et al. v. District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), which held the Second Amendment protects an individual right to bear arms and accordingly concluded that certain District of Columbia statutes violated this right.

Petitioner has not presented any factual matters or controlling decisions the Court has overlooked. Petitioner, in

his reply brief in support of his habeas petition, cited to *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001) for the proposition that the Second Amendment right to "keep and bear arms" is an individual, rather than a collective, right. In his motion for reconsideration, petitioner now cites *Parker* for the same proposition.[4] The *Parker* decision, like the *Emerson* decision, is not controlling on this Court. Indeed, the only controlling authority is the Second Circuit's decision in *Bach v. Pataki*, 408 F.3d 75 (2d Cir. 2005), which makes clear that the Second Amendment imposes no limitation on New York State's ability to ban outright the possession of certain weapons by an individual convicted of any crime, even if the crime is a seventeen year-old misdemeanor and the possession occurs only in the individual's home, as in petitioner's case. *See also Maloney v. Cuomo*, 470 F. Supp.2d 205, 214 (E.D.N.Y. 2007) (citing *Bach* as controlling and holding "[t]he Second Amendment does not limit New York State's ability to ban the possession of certain weapons"). Nor has petitioner demonstrated a manifest injustice. *Munafo*, 381 F.3d at 105.

In any event, reconsideration of my November 13, 2007 Memorandum Opinion & Order in light of *Parker* would be academic. This is so because I denied petitioner's application for habeas

---

[4] The Circuit Court for the District of Columbia decided *Parker* on March 9, 2007, over four months before petitioner submitted his reply brief in support of his habeas petition.

relief on the ground that it was barred by the 1996 Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, Mem. Op. at 7 and 10. I addressed petitioner's arguments regarding the constitutionality of § 265.02(1) because I read petitioner's brief generously to include an argument that he was actually innocent because § 265.02(1) was unconstitutional and that therefore AEDPA's statute of limitations did not apply. Mem. Op., at 10, n. 7.[5] I then determined that petitioner had not made a credible claim of actual innocence and his constitutional claims were accordingly time-barred. *Id.* at 10.[6]

My conclusion that petitioner had not made a credible claim of actual innocence, and was thus subject to AEDPA's one-year statute of limitations, was not premised on the constitutionality of § 265.02(1). This is so because a "claim of actual innocence

---

[5] I wrote:

> Insofar as petitioner's claim asserts he is innocent because § 265.02(1) is unconstitutional as applied to him, I have two points. First, the constitutionality of a statute does not bear on petitioner's actual innocence. *Shepherd v. Keane*, 1998 WL 178845, at *4 (E.D.N.Y. February 18, 1998) (claim that New York's felony murder statute is unconstitutional has no bearing on petitioner's actual innocence). Second, as discussed below, the statute is not unconstitutional.

Mem. Op. at 10, n. 7.
   I then briefly addressed defendant's claim that § 265.02(1) violated his Second Amendment right to bear arms and found the claim to be without merit due to the Second Circuit's holding in *Bach v. Pataki*, 408 F.3d 75, 86 (2d Cir. 2005) ("the 'right to keep and bear arms' imposes a limitation on only federal, not state, legislative efforts").

[6] I also found that petitioner's claims were likely foreclosed on an adequate and independent state ground because petitioner waived his right to appeal all but non-jurisdictional matters as part of his plea agreement. Mem. Op. at 10.

is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The constitutionality of § 265.02(1) therefore does not affect my conclusion in finding the claims time-barred.

Petitioner argues for the first time in his reply brief that he is claiming actual innocence as an independent basis for habeas relief, rather than as simply a "gateway." *Herrera*, 506 U.S. at 404.[7] Petitioner did not, however, assert actual innocence as an independent basis for habeas relief in his habeas petition nor did he argue this point in the memoranda of law he filed in support of his petition. Indeed, petitioner, who is represented by counsel, argued only, in a section entitled

---

[7] Petitioner contends that I should have determined whether "the evidence of his innocence is so [compelling] that his conviction is 'constitutionally intolerable.'" Petitioner's Reply in Support of Motion for Reconsideration, Dec. 13, 2007, at 2 (citing *Herrera v. Collins*, 506 U.S. at 419 (J. O'Connor concurring)). Even if I should have applied the *Herrera* standard, as petitioner asserts, this would only impose a higher burden on petitioner than the "gateway" standard. *See Schulp v. Delo*, 513 U.S. 298, 316-17 (1995) ("a *Herrera*-type claim would have to fail unless the federal habeas court is itself convinced that those new facts unquestionably establish [petitioner's] innocence. On the other hand, if the habeas court were merely convinced that those new facts raised sufficient doubt about [petitioner's] guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error, [petitioner's] threshold showing of innocence would justify a review of the merits of the constitutional claims"). Since petitioner failed to meet the lesser standard it goes without saying that petitioner could not meet *Herrera's* higher threshold. Petitioner has never disputed possessing a .38 caliber handgun in violation of §265.02(1), apart from a conclusory assertion that the charge was "trumped up." Petitioner's Reply in Support of Motion for Reconsideration, Dec. 13, 2007, at 2. Indeed, he concedes he is not relying on new evidence. *Id.*

"Timeliness of Petitioner's Claims," that I should consider his overbreadth and Second Amendment claims because he is actually innocent.[8] I therefore applied the correct standard, which, under *Doe v. Menefee*, 391 F.3d 146, 161-62 (2d Cir. 2004), required petitioner to present "new reliable evidence" which makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Petitioner failed to satisfy this standard. Petitioner's claim of actual innocence as an independent basis for relief, and the resulting standard for evaluating such a claim, is a new issue that cannot be raised for the first time on a motion for reconsideration.

Accordingly, for the reasons set forth above, petitioner's motion for reconsideration is denied.

<u>Motion for Stay of November 13, 2007 Decision</u>

Petitioner argues in the alternative that, because, on November 20, 2007, the Supreme Court granted *certoriari* in *Parker* under the name *District of Columbia v. Heller*, 07-290,[9] I should stay my November 13, 2007 decision pending the Supreme Court's

---

[8] Brief in Support of Petitioner's Habeas Petition, July 9, 2007, at 8.

[9] The Supreme Court granted *certiorari* on the following question:

Whether the following provisions - D.C. Code §§ 7-2502.02(a)(4), 22-4504(a), and 7-2507.02 - violate the Second Amendment rights of individuals who are not affiliated with any state-regulated militia, but who wish to keep handguns and other firearms for private use in their homes?

decision. However, even if the *Heller* decision were decided by the Supreme Court in a manner that supports petitioner's Second Amendment claims, petitioner's constitutional claims would remain time-barred. There is accordingly no reason for me to stay my prior decision pending the *Heller* decision.[10]

## Conclusion

For the foregoing reasons, petitioner's motion for reconsideration or, in the alternative, a stay is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          January 3, 2008

                By:   /s/ Charles P. Sifton (electronically signed)
                          United States District Judge

---

[10] Moreover, the District of Columbia's statutes are distinguishable in that none of the challenged statutes, D.C. Code §§ 7-2502.02(a)(4), 22-4504(a), and 7-2507.02, prohibit possession of firearms by individuals previously convicted of a crime. It is therefore not at all clear that the Supreme Court's *Heller* ruling would require review of § 265.02(1). Additionally, whatever the nature of the Second Amendment right, be it collective or individual, it is undisputed that the right is subject to "reasonable restrictions." *Parker*, 578 F.3d at 399; *Emerson*, 270 F.3d at 261. Petitioner has made no showing that § 265.02(1) is an unreasonable regulation other than to liken it to the District of Columbia statutes at issue in *Parker/Heller*.